Case.net:26AR-CV00588 - MALIKA DOUGLAS V KRAFT HEINZ FOODS COMPANY LLC (E-CASE) - Docket Entries

**| Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**08/03/2026**

**Pet Filed in Circuit Ct**

Petition for Damages.

**Filed By:** DVANTE M LEWIS

**On Behalf Of:** MALIKA DOUGLAS

**Confid Filing Info Sheet Filed**

Form 4.

**Filed By:** DVANTE M LEWIS

**On Behalf Of:** MALIKA DOUGLAS

**Filing Info Sheet eFiling**

**Filed By:** DVANTE M LEWIS

**08/11/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-152, for KRAFT HEINZ FOODS COMPANY LLC

**09/16/2026**

**Alias Summons Requested**

Alias Summons Request.

**Filed By:** DVANTE M LEWIS

**On Behalf Of:** MALIKA DOUGLAS

**09/18/2026**

**Summons Service Not Attempted**

Document ID - 26-SMCC-152; Served To - KRAFT HEINZ FOODS COMPANY LLC; Served Date - 09/18/2026; Served Time - 15:47:35; Service Type - OT; Reason Description - OTHR; Service Text -SUMMONS EXPIRED

**Alias Summons Issued**

Document ID: 26-SMCC-179, for KRAFT HEINZ FOODS COMPANY LLC

**EXHIBIT**
**A**

Close

Electronically Filed - Adair - August 03, 2026 - 11:50 AM

**IN THE CIRCUIT COURT OF ADAIR COUNTY, MISSOURI**

MALIKA DOUGLAS, )
)
104 E 5th St, )
Macon, MO 63552 )
)
Plaintiff, )
)
v. ) Case No.:
)
KRAFT HEINZ FOODS COMPANY LLC, )
)
2504 Industrial Rd, )
Kirksville, MO 63501 )
)
)
**Serve:** )
**C T CORPORATION SYSTEM** )
**5661 Telegraph Rd Ste 4B** ) **(Service by Saint Louis County Sheriffs**
**Saint Louis, MO 63129-4275** )

**PLAINTIFF PETITION FOR DAMAGES**

COMES NOW Plaintiff Malika Douglas ("Malika" or "Douglas") by and through undersigned counsel, states the following as her petition for damages:

1. Plaintiff is an individual who is, and at all relevant times was, residing in Kansas City, Jackson County, Missouri.

2. Plaintiff was at all times mentioned herein an employee of Defendant in Kansas City, Jackson County, Missouri.

3. Defendant Kraft |Heinz ("Kraft Heinz" or Defendant") is located at 2504 Industrial Rd, Kirksville, MO 63501.

4. Process Service is to be completed by Saint Louis County Sheriffs.

**JURISDICTIONAL INFORMATION**

Electronically Filed - Adair - August 03, 2026 - 11:50 AM

5. Plaintiff's causes of action are filed against Defendant pursuant to the Missouri Human Rights Act ("MHRA"), MO. REV. STAT. §213.010 e*t seq.*

6. On or about April 24, 2025, Plaintiff initiated charge phase by filing a *Charge of Discrimination* with the Missouri Commission on Human Rights ("MCHR") in which she asserted claims of discrimination based on race, color, retaliation, gender, and hostile working environment.

7. On or about May 7, 2026, Missouri Human Rights Commission ("MCHR") issued Plaintiff a right to sue.

8. Plaintiff is filing this petition within the 90-day timeframe from when this right to sue was issued, thus is in compliance.

9. Pursuant to Mo Rev. Stat. Chapter 287, MO. REV. STAT. §§ 213.111.1 and 478.461.1(2), venue is proper in this Court as the allegations herein arise out of Plaintiff's employment with Defendant in Jackson, County, Missouri.

10. Pursuant to Section 213.111.1, RSMo (2017), venue is proper in this Court, as the discriminatory conduct took place in Jackson County, Missouri.

**FACTS COMMON TO ALL COUNTS**

11. Plaintiff is black and/or African American female, making her a member of a protected class within the meaning of MO. REV. STAT. § 213.055.1.

12. Defendant Kraft Heinz has a history of treating disabled black woman employees less favorably than other similarly situated employees.

13. At all relevant times, Douglas was qualified to perform her work duties.

14. On or around March 10, 2025, Douglas informed her co workers M.H. that he would need to training.

15. M.H. responded by saying "This Nigger" makes him frustrated.

Electronically Filed - Adair - August 03, 2026 - 11:50 AM

16. On a daily basis, white employees refer to black and brown employees as "nigga" and "nigger".

17. Shortly thereafter, Dougals reports racial harassment to Human Resources (HR) at Kraft Heinz.

18. Said racial slurs create a unsafe, hazardous work environment.

19. HR refused to investigate this matter.

20. Douglas has had to report several other racial and sexual harassment regarding white male employees, including but not limited to Troy LNU, Patrick, LNU, Buddy LNU.

21. White male employees sexually harassed Douglas on a daily basis, by; including but not limited to:

    a. Touching,
    b. Cat calls,
    c. Stalking,
    d. Social media spamming,
    e. Cyberstalking,
    f. Threatening.

22. Kraft Heinz failed to remove any racial and sexual perpetrators from working with Douglas.

23. There are several other black employees who faced unsafe work environment due to racial discrimination.

24. Doulgas witnessed racism toward other black employees and reported to HR.

25. After reporting discrimination to HR, Kraft Heinz violated Douglas in the following manner:

Electronically Filed - Adair - August 03, 2026 - 11:50 AM

a. Refused to train,
b. Refused to help on work duties,
c. Refused to promote,
d. Terminated,
e. Threatening,
f. Refusing to process any further complaints,
g. Heightened racial slurs,
h. Heightened sexual harassment.

26. Kraft Heinz discriminated against Malika Douglas due to her black race.

27. Kraft Heinz discriminated against Malika Douglas because she made complaints of sexual harassment, sexual discrimination, and racial discrimination.

28. Douglas work environment became completely unsafe from April 24, 2025 through August 30, 2025.

29. Doulgas had to work with each perpetrator until her constructive termination on August 30, 2025.

**COUNT I**
**DISCRIMINATION BASED COLOR, AND RACE IN VIOLATION OF THE MHRA**

30. Plaintiff incorporates all allegations of this Petition as if set forth fully herein.

31. Plaintiff who is female, black and/or African American, is a member of a protected class within the meaning of M.O. REV. STAT. §213.055.1 (2017).

32. Plaintiff's race and disability directly motivated and contributed to the cause of Defendant's decisions to harass, discriminate against, and/or treat Plaintiff differently than Plaintiff's coworkers as alleged herein.

Electronically Filed - Adair - August 03, 2026 - 11:50 AM

33. Defendant subjected Plaintiff to discrimination, harassment, and/or treated him differently than her coworkers on a continuous and/or ongoing basis as described herein.

34. Defendant knew or should have known of the harassment, discrimination, and/or that Plaintiff was being treated differently than her coworkers as alleged herein because of Plaintiff's gender.

35. Defendant failed to implement prompt and effective remedial action when they knew or should have known of the discrimination, harassment, and/or hostile work environment.

36. Defendant's conduct toward or concerning Plaintiff represents a pattern and practice by Defendant of harassing, discriminating, and/or treating employees differently because of their gender.

37. Defendant's actions and/or inactions as alleged herein constitute unlawful employment discrimination based on Plaintiff's gender in violation of the MHRA.

38. Defendant's actions and/or inactions occurred by and/or through its agents, servants, or employees acting within the course and scope of employment.

39. Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including, but not limited to, past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other non-pecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

Electronically Filed - Adair - August 03, 2026 - 11:50 AM

WHEREFORE, Plaintiff prays for Judgment against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT § 213.010 *et seq*.; for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including but not limited to requiring Defendant to place Plaintiff in the same position she would have been absent the illegal discrimination and/or front pay; and for such other relief as the Court deems just and proper.

**COUNT II**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE MHRA**

41. Plaintiff incorporates by reference the above listed paragraphs as if set forth fully herein.

42. Plaintiff was subjected to unwelcome harassment and/or discrimination based on Plaintiff's disability, as described herein.

43. Plaintiff's disability motivated the harassment and/or discrimination alleged herein.

44. The harassment and/or discrimination to which Plaintiff was subjected affected the terms, conditions, and/or privileges of Plaintiff's employment.

45. The discrimination, harassment, and/or retaliation to which Plaintiff was subjected created a hostile work environment.

46. Defendant knew or should have known of the discrimination, harassment, and/or the hostile work environment to which Plaintiff was subjected.

47. Defendant failed to implement prompt and effective remedial action to end the discrimination, harassment, and/or the hostile work environment to which Plaintiff was subjected when Defendant knew or should have known of the discrimination, harassment, and/or the hostile work environment.

Electronically Filed - Adair - August 03, 2026 - 11:50 AM

48. Defendant's conduct toward or concerning Plaintiff represents a pattern and practice by Defendant of creating, fostering, and/or condoning a hostile work environment.

49. Defendant's actions and/or inactions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA.

50. Defendant's actions and/or inactions occurred by and/or through its agents, servants, or employees acting within the course and scope of employment.

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life; pain and suffering; and other non-pecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

WHEREFORE, Plaintiff prays for Judgment against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 *et seq*.; for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position she would have been absent the illegal discrimination and/or front pay; and for such other relief as the Court deems just and proper.

**COUNT III**
**ILLEGAL RETALIATION IN VIOLATION OF THE MHRA**

52. Plaintiff incorporates by reference all paragraphs of this Petition as if set forth fully herein.

Electronically Filed - Adair - August 03, 2026 - 11:50 AM

53. During employment, Defendant made complaints of discrimination and filed charges of discrimination.

54. Defendant objected to and/or opposed the discrimination, harassment, and/or the hostile work environment by, and/or by filing a complaint with the MCHR.

55. Plaintiff's internal complaints to Defendant about discrimination, harassment, and/or a hostile work environment are protected activities under the MHRA.

56. Plaintiff's filing of a complaint with the MCHR is a protected activity under the MHRA.

57. In retaliation for Plaintiff's complaints of discrimination, harassment, and/or a hostile work environment, the terms, conditions, and privileges of Plaintiff's employment were affected as described herein.

58. In retaliation for Plaintiff's complaints of discrimination, harassment, and/or a hostile work environment, Defendant failed to take any remedial action with regard to Plaintiff's complaints about, opposition to, and/or objections to discrimination, harassment, and/or a hostile work environment.

59. Plaintiff's complaints of discrimination were a motivating factor in Defendant's decision to deny Plaintiff training, take other actions against Plaintiff as described herein, and/or to not investigate Plaintiff's complaints.

60. Defendant failed to take prompt and effective remedial action with regard to Plaintiff's complaints.

61. Defendant's actions and/or inactions constitute unlawful retaliation against Plaintiff in violation of the MHRA, MO. REV. STAT. § 213.055.

Electronically Filed - Adair - August 03, 2026 - 11:50 AM

62. Defendant's actions and/or inactions occurred by and/or through its agents, servants, or employees acting within the course and scope of employment.

63. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, including damages past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

64. Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

65. Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

66. Any cap or limitation on Plaintiff's damages that may be imposed by RSMo. § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury. Mo. Const. art. I, 22(a); separation of powers, Mo. Const. art. II § 11; the right to equal protection, Mo. Const. art. I, § 2, the prohibition on special legislation, Mo. Const. art III, § 40; and the right to due process. Mo. Const. art. § 10.

**WHEREFORE**, Plaintiff prays for Judgement against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 *et seq.*, (2017); for actual,

Electronically Filed - Adair - August 03, 2026 - 11:50 AM

compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position she would have been absent the illegal discrimination, and/or front pay; and for such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on issues herein.

Respectfully submitted,

by: *__/s/ D'Vante Lewis__*

D'Vante Lewis, MO #74057
Telephone: (816) 217-2369
Facsimile: (816) 234-1040
Lewisdvante@gmail.com
ATTORNEY FOR PLAINTIFF

# Summons in Civil Case

IN THE 2ND JUDICIAL CIRCUIT, ADAIR COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MATTHEW WILSON | **Case Number: 26AR-CV00588** | |
| Plaintiff/Petitioner:<br>MALIKA DOUGLAS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DVANTE M LEWIS<br>7002 BLUE PARKWAY<br>KANSAS CITY, MO 64129 | |
| Defendant/Respondent:<br>KRAFT HEINZ FOODS COMPANY LLC | Court Address:<br>106 W WASHINGTON<br>PO BOX 690<br>KIRKSVILLE, MO 63501 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to: KRAFT HEINZ FOODS COMPANY LLC**
**Alias:**
**2504 INDUSTRIAL RD**
**KIRKSVILLE, MO 63501**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ADAIR COUNTY***

| 11-AUG-2026 | /s/ LINDSAY DARR |
|---|---|
| Date | Clerk |

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)
in ______________________________ (County/City of St. Louis), MO, on ____________________ (date)
at ______________ (time).

______________________________ ______________________________
Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ____________________ ______________________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - ADAIR - September 16, 2026 - 02:56 PM

**IN THE CIRCUIT COURT OF ADAIR COUNTY, MISSOURI**

MALIKA DOUGLAS, )
)
Plaintiff, )
)
v. ) Case No. 26AR-CV00588
)
KRAFT HEINZ FOODS COMPANY LLC, )
)
Defendant. )

# ALIAS SUMMONS REQUEST

COMES NOW Plaintiff, by and through attorney, D'Vante Lewis, and for this Request for Alias Summons, states to this Court as follows:

1. On September 4, 2026, service was sent out.
2. Process server incurred a delay in service and summons expired.
3. Defendant is to be served at CT Corporation System 5661 Telegraph Rd Ste 4B, Saint Louis, MO 63129.
4. Alias summons ordered to issue service returnable to Saint Louis County Sheriff's Office.

WEHREFORE, Plaintiff request alias summons for registered agent and for such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted,

by:*/s/ D'Vante Lewis*
D'Vante M. Lewis, MO #74057
435 Nichols Rd Ste 200
Kansas City, Missouri 64112
Telephone: (816) 217-2369
Fax: (816) 239-1040
Email: lewisdvante@gmail.com

Electronically Filed - ADAIR - September 16, 2026 - 02:56 PM

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2026 a true and correct copy of the foregoing was filed in Missouri Casenet e-filing system, which sends notification to all counsel of record.

/s/ D'Vante Lewis
Attorney for Plaintiff

# Summons in Civil Case

IN THE 2ND JUDICIAL CIRCUIT, ADAIR COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MATTHEW WILSON | **Case Number: 26AR-CV00588** | |
| Plaintiff/Petitioner:<br>MALIKA DOUGLAS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DVANTE M LEWIS<br>7002 BLUE PARKWAY<br>KANSAS CITY, MO 64129 | |
| Defendant/Respondent:<br>KRAFT HEINZ FOODS COMPANY LLC | Court Address:<br>106 W WASHINGTON<br>PO BOX 690<br>KIRKSVILLE, MO 63501 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to: KRAFT HEINZ FOODS COMPANY LLC**
**2504 INDUSTRIAL RD**
**KIRKSVILLE, MO 63501**
**Other Addresses: SERVE: CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD, STE 4B**
**ST. LOUIS, MO 63129**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ADAIR COUNTY***

| 18-SEP-2026 | /s/ LINDSAY DARR |
|---|---|
| Date | Clerk |

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ______________ (date)

at __________ (time).

______________________________ ______________________________

Printed Name of Officer or Server | Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________

Date | Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.